

RECEIVED

DEC 29 2020

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

BY_____

(Rev. 5/1/13)

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

STEVEN Z RAST #91365-071

VERSUS

WARDEN MA'AT ET AL

CASE NO.  2:20-CV-01503 SEC P

JUDGE DOUGHTY

MAGISTRATE JUDGE KAY

## COMPLAINT
### BY PRISONER UNDER 28 U.S.C. § 1331 OR BIVENS V. SIX UNKNOWN NAMED AGENTS OF THE FEDERAL BUREAU OF NARCOTICS, 403 U.S. 388 (1971)

**I.    Previous Lawsuits**

   a.  Have you begun any other lawsuit while incarcerated or detained in any facility?
       Yes ☐    No ☒

   b.  If your answer to the preceding question is "Yes," provide the following information.

      1.  State the court(s) where each lawsuit was filed (if federal, identify the District, if state court, identify the county of parish):

      _____

      _____

      2.  Name the parties to the previous lawsuit(s):

      Plaintiffs: _____

      Defendants: _____

      3.  Docket number(s): _____

      4.  Date(s) on which each lawsuit was filed: _____

      5.  Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

      _____

   c.  Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?
       Yes ☐    No ☒

Page **1** of **4**

(Rev. 5/1/13)

If your answer to the preceding question is "Yes," state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

_____

_____

II.    a.  **Name of institution and address of current place of confinement:**

Federal Correctional Institution II, Oakdale, Lousiana

b.  Is there a prison grievance procedure in this institution?
Yes ☒    No ☐

1.  Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?  Yes ☒  No ☐

If "Yes," what is the Administrative Remedy Procedure number?
SEE ENCLOSED COPY OF BP-8 AND 9
No number, a Request to Staff was filed to the warden
and to the Regional Director of BOP, Balatazar

2.  If you did not file an administrative grievance, explain why you have not done so.

I FILED A BP-8 AND BP-9 WITH COUNSELOR SENEGAL

AND DO-NOT HAVE A NUMBER OR REPLY.

ALSO SEE ENCLOSED RESPONSE FROM COMPLEX WARDEN

3.  If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?

An Inmate Request to Staff was filed with the warden.

After responses from the Warden and Captain, conditions

still exist that require immediate attention. See Affidavit.
Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III.   **Parties to Current Lawsuit:**

a.  Name of Plaintiff: Steven Z. Rast

Page **2** of **4**

(Rev. 5/1/13)

Address:  P.O. Box 5010, Oakdale, LA 71463

b.  Defendant, S. Ma'at _____, is employed as

Warden _____ at FCI II, Oakdale, Louisian _____.

Defendant, W. Troull, TRULL _____, is employed as

Captain _____ at FCI II, Oakdale, Lousiana _____.

Defendant, _____, is employed as

_____ at _____.

Additional defendants: _____

_____

IV.   **Statement of Claim**

State the **FACTS** of your case.  Specifically describe the involvement and actions of each named defendant.  Include the names of all persons involved in the incident(s) or condition(s) giving rise to the lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred.  **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

Please see attached Statement of Claim.

(Rev. 5/1/13)

**V.    Relief**

State exactly what you want the court to provide to you or do for you.  Make no legal arguments.  Cite no cases or statutes.

Please see attached Relief Requested.

_____

_____

_____

_____

**VI.   Plaintiff's Declaration**

a.   I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

b.   I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

c.   If I am located in a prison participating in the Electronic Filing Pilot Program, I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this ___23___ day of ___DECEMBER___ , 20_20_.


___91365-071___                              ___Steven Z. Rast___
**Prisoner no. (Louisiana Department of           Signature of Plaintiff
Corrections or Federal Bureau of
Prisons**

## STATEMENT OF CLAIM

1.  Defendant's official policy, practice, or custom is to deny timely and responsive medical care.

2.  Defendant is denying me medical care in violation of my Eighth Amendment right and protection against cruel and unusual punishment and Fifth and Fourteenth Amendments.

3.  This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a)(3).

4.  This Court has jurisdiction to issue the declaratory and injunctive relief pursuant to 18 U.S.C. §§2283, 2284, and 3626.

5.  Venue is proper in this District pursuant to 28 U.S.C. §1391 (b)(2) because the claims alleged in this lawsuit arose in this district.

6.  Plaintiff is being subjected to risk due to the fact that each cell does not have an emergency call button and there is no way to contact staff in the event of a medical emergency.

7.  Defendants acted under color of law in housing Plaintiff in conditions that violate Plaintiff's constitutional rights, put Plaintiff in danger of severe physical harm or death and violate Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights of the U.S. constitution.

8.  The conduct of the defendants violates Bureau of Prisons policies and procdures and their conduct is outside of the policies and procedures published by the Bureau of Prisons.

Statement of Claim - Page 1

9. Defendants have acted in reckless and callous disregard for the constitutional rights of Plaintiff, with willful oppression and malice. Plaintiff therefore seeks an award of punitive damages against the individual defendants.

10. The conduct of the defendants poses an unreasonable and unjustifiable risk of harm to the health of the Plaintiff, and defendants have manifested and continue to manifest a pattern of deliberate indifference to this damage and the risk of harm to this Plaintiff.

11. Defendants did combine, conspire and confederate to violate Plaintiff's Fifth, Eighth and Fourteenth amendment rights under the U.S. Constitution by forcing Plaintiff to live in conditions that continuously put Plaintiff in danger of serious physical harm or death.

12. Plaintiff incorporates by reference each item listed in his Affidavit as grounds for such claims.

Statement of Claim - Page 2

## PRAYER FOR RELIEF

A.   Declare the Defendant's actions, as set out above, violate Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution and enjoining, preliminary and permanently, Defendants' policy, practice, or custom of denying me medical care;

B.   Declaring the Defendant's actions, as set out above, violate Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution and enjoining, preliminary and permanently, Defendants' policy, practice or custom of denying electricity to me in the operation of my CPAP machine.

C.   Declaring the Defendant's actions, as set out above, violate Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution and enjoining, preliminary and permanently, Defendants' policy, practice or custom of locking me in my cell without any way to call for help in the event of a medical emergency.

D.   Awarding compensatory, general and special damages to Plaintiff as against all Defendants;

E.   Awarding injunctive and other equitable relief against all Defendants as is necessary to protect the life of the Plaintiff and his interests, including, inter alia, an order requiring Defendants to refrain from engaging in the policies, practices, or customs that are violating the constitutional rights of the Plaintiff;

F.   Exemplary damages as against each of the individual Defendants in an amount sufficient to deter and to make an example of those Defendants;

G.   Awarding Plaintiff such other and further relief as necessary and as equity and justice require.

## AFFIDAVIT OF STEVEN Z. RAST

I, Steven Z. Rast, hereby affirm and attest that the following information provided is true and correct to the best of my knowledge and believe.

1.  I have personal knowledge of the following facts.

2.  I arrived at the Federal Detention Center, at Oakdale, Louisiana on October 15, 2020.

3.  I was placed in the OB-A unit, a quarantine unit.

4.  I was locked into cell 70 24 hours a day, 7 days a week.

5.  I was allowed two to three times a week for 30 minutes to take a shower and make a phone call or send email.

6.  I was prescribed the use of a CPAP machine for sleep apnea.

7.  The cell I was housed for 9 days had no electricity to power my CPAP machine.

8.  I requested an extension cord to power my CPAP machine and was denied by institution staff.

9.  After complaining to staff for 9 days I was provided an extension cord. The medical department provided the extension cord.

10. On November 3, 2020 I was transferred from OB-A unit to AL-A unit, a non-quarantine unit.

11. I was placed in cell 26. The cell has an electrical outlet, however, does not have electricity due to the electrical breaker being switched off.

12. On November 3, 2020 I spoke with the unit officer after the 4 p.m. count and told him that I needed electricity for my CPAP machine. The unit officer stated that I needed to talk to the Lieutenant in order to get the breaker switched on.

- 1 -

13. On November 3, 2020, the Operations Lieutenant, Mr. Kennington told me that I would have to contact the maintenace department on November 4, 2020 to have the breaker switched on.

14. I had no use of my CPAP machine on the night of November 3, 2020.

15. On November 4, 2020 I was locked in the unit all day and was not allowed to go to the maintenance department due to the unit being on a "modified lockdown" due to Covid-19 pandemic.

16. On November 4, 2020 I requested the unit officer to call the maintenance department and request that my breaker switch be turned on. I was told to write a "cop-out" via institutional mail or speak with the Operations Lieutenant during the evening meal line.

17. On November 4, 2020 I spoke with the Operations Lieutenant on the evening watch regarding the breaker not working in my cell and my need to use my CPAP machine. Lieutenant Kennington told me that I would have to provide him with a "stinger" or tell him of someone who had a "stinger." A "stinger" is a home made device used to heat water by causing an electrical short and heating the water. I indicated to him that I had just arrived at the institution and did not know of any such device and did not involve myself on what others were doing and would make no statement on anyone else.

18. On November 8, 2020, the unit Counselor re-set the breaker in the evening.

19. I continued to write warden Ma'at and Captain Trull several times regarding the matter and was assured that it would not

- 2 -

happen again. However, on December 10, 2020 through December 13, 2020, the power was again out in my cell and staff refused to reset the breaker unless someone provided a "stinger."

20. On December 11, 2020, I had chest pains while I was locked in my cell after the 10 p.m. count. I was unable to notify anyone or any staff because there is no emergency call button in my cell or in any cell within the unit. I tried to make noise on the cell door with my feet in order to draw attention by the unit officer, however, no one answered my calls for help.

21. I went to sick call on December 12, 2020 to notify the medical staff of my chest pain. To this date, no one has called me from the medical department to examine me or address my chest pain.

22. I have gone to sick call two times to complain about pain in my chest. I was told that it would be 2 to 3 months before I would be seen due to having a limited staff at the institution.

23. I am unable to contact institutional staff such as the warden, the Captain, or any medical staff through the electronic request to staff because those staff are not listed within the system. Further, during the modified lockdown due to Covid-19, I have not been able to speak with any staff such as the warden, captain or medical staff because none of those staff are making rounds through the unit.

I, Steven Z. Rast, hereby attest to the foregoing under the penalty of perjury. Done this 23rd day of December, 2020.

_____
Steven Z. Rast

- 3 -

Steven Z. Rast
Reg. No. 91365-071
FCI II
P.O. Box 5010
Oakdale, LA 71463

RECEIVED

December 23, 2020

DEC 29 2020

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

Clerk of the Court
United States District Court
Western District of Lousiana
300 Fannin Street, Suite 1167
Shreveport, LA 71101-3083

Re: 2:20-cv-01503 SEC P

Dear Clerk of the Court:

Please find the enclosed documents that the Court has instructed me to file. I have included a stamped self-addressed envelope for you to return a copy to me if possible. We are currently in lockdown status due to COVID-19 and I am unable to obtain copies. Thank you for your assistance.

Sincerely,

Steven Z. Rast

Copies
sent
12/29/20
(postage may
insufficient)