UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

STEVEN Z. RAST                    :            DOCKET NO. 20-cv-1503

VERSUS                            :            JUDGE TERRY A. DOUGHTY

WARDEN MA'AT, ET AL.              :            MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Add Plaintiffs and for Certification as a Class Action, filed by plaintiff Steven Z. Rast.  Doc. 14.  For the reasons below, we recommend that the Plaintiff's motions be **DENIED**.

### I.
#### BACKGROUND

Plaintiff filed the *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), presently before this Court, on November 19, 2020.  He alleges that he has been denied medical attention; specifically, that he was denied electricity for his CPAP machine.  Doc. 1.  Service was ordered on December 14, 2020.  Subsequent to the Court issuing summons, Plaintiff filed a Motion to Add Plaintiffs and for Certification as a Class Action, alleging that the defendants have put all prisoners in danger of physical harm or death as a result of official policies, including locking plaintiffs in their cells without an emergency call system, failing to provide adequate medical care in a timely manner, refusing to turn electrical breakers on after a power outage, failing to provide adequate access to medical staff electronically or via staff rounds, and refusing to release those inmates most vulnerable to the COVID-19 virus.  Doc. 14.

## II.
### LAW AND ANALYSIS

"[T]he class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998). To obtain class certification under Rule 23(a) of the Federal Rules of Civil Procedure, Plaintiffs must satisfy the following requirements: "(1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical ... of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." *Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2245 (1997) (quoting Fed. R. Civ. P. 23(a)).  Additionally, Plaintiffs must show that the action is maintainable pursuant to Rule 23(b)(1), (2) or (3). *Id.*

Requests for class certification by a prisoner acting pro se are generally denied because the prisoner cannot "fairly and adequately protect the interests of the class." See Fed. R. Civ. P. 23(a)(4); *Ali v. Immigration and Customs Enforcement*, No. 1:16-CV-037, 2017 U.S. Dist. LEXIS 30604, 2017 WL 881102, at (N.D. Tex. Feb. 2, 2017) (denying motion to certify class filed by an immigration detainee proceeding pro se because he failed to show "he could fairly and adequately protect the interests of a purported class of other [immigration] detainees").  Because Plaintiff fails to show that he can properly serve as a representative party in a class action, the Court recommends that his request to proceed as a class action be denied.

**III.**

**CONCLUSION**

Accordingly,

**IT IS RECOMMENDED** that the Motion to Add Plaintiffs and for Certification as a Class Action (doc. 14) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 4th day of May, 2021.

_____

KATHLEEN KAY

UNITED STATES MAGISTRATE JUDGE

-3-