# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| STEVEN Z. RAST | : | DOCKET NO. 20-cv-1503 |
| VERSUS | : | JUDGE TERRY A. DOUGHTY |
| WARDEN MA'AT, ET AL. | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Currently before the court is a civil rights suit filed by federal inmate Steven Z. Rast, pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971). At the time of filing, Rast was incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"). Contained within the original complaint is a Motion for Emergency Order, asserting that that Rast was being denied electricity to power his CPAP machine. Doc. 1. Plaintiff later filed a Motion for Preliminary Injunction, raising several new claims. Doc. 7. These motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

## I.
### BACKGROUND

Plaintiff's original complaint raised claims related to the prison's refusal to provide electricity to power Rast's CPAP machine. While the original complaint was deficient in form, the Court ordered service (doc. 4), while awaiting plaintiff to amend his complaint on proper forms (doc. 3). Plaintiff filed an Amended Complaint (doc. 5) and later a Motion for Preliminary Injunction, raising new issues (doc. 7). At present, summonses are being served upon the defendants.

## II.
## LAW & ANALYSIS

### A. Emergency Order

Through the Motion for Emergency Order, Rast asked this Court to order Warden Ma'at at FCIO to provide electricity to power his CPAP machine. Doc. 1. This Court immediately ordered service of his complaint. Doc. 4. Subsequently, plaintiff was transferred, making this request moot. Claims related to the lack of medical care or attention while incarcerated at FCIO will be addressed on the merits.

### B. Preliminary Injunction

A litigant moving for a preliminary injunction or TRO must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Plaintiff cannot prevail because he has not demonstrated a substantial threat of irreparable injury related to any of the claims raised in his Motion for Preliminary Injunction. In a separate order, service of process on the defendants has been ordered. Thus, plaintiff's claims will ultimately be addressed on the merits.

## III.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion for Emergency Order (doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMNEDED** that the Motion for Preliminary Injunction (doc. 7) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 17th day of September, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE