UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STEVEN Z. RAST** | : | **CIVIL ACTION NO. 2:20-cv-1503** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **WAREDEN MA'AT, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is Motion to Dismiss, and in the alternative, Motion for Summary Judgment [doc. 96] filed by defendants in this civil rights action brought by pro se plaintiff Steven Z. Rast, an inmate in the custody of the Federal Bureau of Prisons, currently incarcerated at F C I – Loretto, in Cresson, Pennsylvania, but incarcerated at FCI-Oakdale at the time of filing.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Dismiss, in the alternative, Motion for Summary Judgment [doc. 96] be **GRANTED** and that the action be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**I.**
**BACKGROUND**

Rast filed this suit pursuant *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), on November 19, 2020. Doc. 1. Plaintiff arrived at FCI Oakdale on October 15, 2020, where he was housed until May 14, 2021. Declaration of Tamala Robinson, Legal Assistant, Federal Bureau of Prisons, doc. 96, att. 4, ¶ 3. Plaintiff alleges that, on three separate occasions, October 15, 2020 (for 9 days), on November 3, 2020 (for 4 days) and on December 10, 2020 (for 3 days), he was

denied electricity, so he was unable to use his CPAP machine. Affidavit of Steven Rast, doc. 5, ¶¶ 12, 13 and 19. He also complained that he had a medical issue in his cell on December 11, 2020, but had no access to an emergency call button to alert staff about his issue. *Id*. at ¶ 20. Finally, Rast complains that he was never seen for alleged chest pain on other unspecified occasions. *Id*.

In its motion, the government asserts that the plaintiff's complaint should be dismissed, as he failed to exhaust administrative remedies.

Plaintiff filed a response to the instant motion titled, "Response to Governments [sic] Motion for Summary Judgment," but failed to provide any evidence in opposition or otherwise oppose the defendants' motion for summary judgment on the claim that he failed to exhaust available administrative remedies prior to filing this lawsuit. Doc. 99. In his opposition, he raised arguments that the defendants were deliberately indifferent because officers are not in the housing unit constantly throughout the night and that the officers do not conduct rounds as often as they should, facts not alleged in his original lawsuit.

The government filed a reply to plaintiff's opposition. Doc. 100. The matter is now ripe for review. At the outset, the Court notes that it will address this motion under the summary judgment standard of Fed. R. Civ. P. 56, because it is necessary to consider evidence that is not contained in the pleadings.

## II.
### LAW AND ANALYSIS

### A. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material

fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995) (quoting *Hibernial Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Failure to file an opposition and statement of contested material facts, however, results in the court deeming statements of uncontested material facts admitted for the purposes of the motion. Local Rule 56.2.

### B. *Application*

The Federal Bureau of Prisons has a four-step process for resolving complaints by prisoners. See 28 C.F.R. § 542.10 et seq. Initially, a prisoner must informally attempt to resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. §542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id*. The Prison Litigation Reform Act (PLRA) requires exhaustion of the available remedies. See 42 U.S.C. §1997(e) (a); *see also Booth v. Churner*, 532 U.S. 731 (2001), *Porter v. Nussle*, 534 U.S. 516 (2002), and *Clifford v. Gibbs*, 298 F.3d 328, 331-332 (5th Cir. 2002) (holding that the Prison Litigation Reform Act's exhaustion requirement is mandatory, not discretionary, and the prisoner must exhaust). Inmates are required to exhaust administrative remedies irrespective of the forms of relief sought and offered through administrative sources. *Booth*, 532 U.S. at 741 n. 6. This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter*, 534 U.S. at 532. More recently, the Supreme Court held that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Because Rast's *Bivens* action relates to prison conditions and was brought while he was a prisoner confined in a correctional facility, he was required to exhaust available administrative remedies before filing suit.

Under the PLRA, "proper exhaustion" means that the prisoner is required to "compl[y] with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."

*Woodford v. Ngo*, 126 S.Ct. 2378, 2386 (2005). The Fifth Circuit further holds that exhaustion means that a petitioner has "take[n] complete advantage of legal remedies."[1] *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) (cleaned up), *overruled on other grounds as explained in Gonzalez v. Seal*, 702 F.3d 785, 787–88 (5th Cir. 2012). Accordingly, a petitioner who only complies with the first step of a grievance procedure has not exhausted his claim if that procedure contemplates additional steps. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Rast submitted three forms with his amended petition, the first of which is a Request for Administrative Remedy, dated November 26, 2020 (doc. 5, att. 2, p. 1) the second, an informal resolution form (*id.* at p. 2), is undated, and the third, a December 2, 2020 Response to an Inmate Request to Staff (*id.* at p. 3). The respondents argue, and the Court agrees, that the records do not demonstrate exhaustion.

The Bureau of Prisons has no record of the Request for Administrative Remedy (BP-9). Doc. 96, att. 4, p. 1, ¶ 2. Although he filled out the form, and signed and dated it "11/26/2020," the Warden's office never received this BP-9. Doc. 96, att. 5. There are no markings on the form by BOP staff indicating its receipt or assigned number, and Plaintiff did not provide the assigned number or any other evidence of its receipt. And, as is noted in the attachments to the Robinson Declaration (doc. 96, att. 4), the SENTRY database contains no entry corresponding to this BP-9. The attached BP-8 (doc. 5, att. 2, p. 2) is similarly filled out by plaintiff only, with no markings from BOP staff.[2] Thus, because Plaintiff failed to exhaust his administrative remedies, his *Bivens* suit must be dismissed.

---

[1] As the Fifth Circuit subsequently noted, there are certain circumstances – chiefly where the prison fails to respond to the grievance – where administrative remedies may be deemed exhausted, despite the inmate's failure to progress to the next step of the remedy procedure. *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) (citing *Wilson v. Epps*, 776 F.3d 296 (5th Cir. 2015)). Based on the defendants' evidence, infra, such circumstances do not apply here.
[2] As noted by the government, doc. 5, att. 3 is alleged to be a response from Ma'at to the administrative remedy submitted by Plaintiff. However, it is not a response to this or any BP-9. Although Plaintiff placed it behind the BP-9 in his filing, it has nothing to do with the BP-9. It is instead a response to an Inmate Request to Staff, also known as a

## IV.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss, in the alternative, Motion for Summary Judgment [doc. 96] be **GRANTED** and that Rast's claims be **DISMISSED WITHOUT PREJUDICE** due to lack of exhaustion.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 23rd day of February, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

copout, that was received on October 27, 2020, a full month before this alleged BP-9 was submitted. Further, this response concerned not the emergency call buttons raised in the alleged BP-9 at page 44, but a request for Compassionate Release based on allegedly not receiving a change of clothing, an extension cord for his CPAP, or pill line medication. Also, even if Ma'at had received this BP-9, and had issued a response on December 2, 2020, Plaintiff still failed to appeal that response by filing a BP-10, and for this reason again, has failed to exhaust his administrative remedies prior to the filing of this lawsuit.